MORRIS HALPERIN, Appellant, v. MAGOBA CONSTRUCTION COMPANY
and Another, Respondents.

First Department, November 5, 1926.

Negligence — action for injuries suffered when plaintiff, subcontractor on building, fell through concrete floor which gave way with him — evidence shows that place of accident was used as elevator shaft during construction — concrete placed in said opening was not properly reinforced and had not set — concrete was not guarded — evidence that concrete was mixed with ashes instead of steam cinders and that reinforcement was not properly fastened — evidence shows that form supporting concrete was taken down before concrete set and that principal contractor had knowledge of defective work — error to dismiss complaint as against principal contractor at close of case — verdict in favor of subcontractor who laid concrete contrary to evidence.

In an action to recover damages for injuries suffered by plaintiff, who was engaged as a subcontractor for the installation of doors in a building, it appears that the accident was caused by the giving away of a portion of the concrete floor which had been recently constructed to fill in an opening used as an elevator shaft in the construction of the building. The evidence tended to establish that the concrete was not properly reinforced and was not properly mixed, it appearing in the evidence that ashes instead of steam cinders were used. The evidence also tends to show that the principal contractor took the form from the concrete before it had set and failed to guard the opening while the concrete was green. Under the circumstances, the question should have been left to the jury whether or not the principal contractor was liable, since the jury might have found on the evidence that the accident was the result of either defective workmanship or premature removal of the form, and if the jury found that it was caused by premature removal of the form, then the principal contractor would be liable.

Furthermore, the verdict in favor of the subcontractor who filled the openings in the floor with concrete is contrary to the weight of the evidence which tends to show that the work was defectively done.

APPEAL by the plaintiff, Morris Halperin, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of March, 1925, in favor of the defendant Yorkville Fireproof Company, upon the verdict of a jury, and in favor of the defendant Magoba Construction Company upon the dismissal of the complaint at the close of the entire case, and also from an order entered in said clerk's office on the 12th day of March, 1925, denying plaintiff's motion for a new trial made upon the minutes.

Sol. Boneparth of counsel [Moses Feltenstein with him on the brief; Morris J. Goldston, attorney], for the appellant.

William B. Shelton of counsel [William Dike Reed, attorney], for the respondent Magoba Construction Company.

*George J. Stacy* of counsel [*James J. Mahoney* with him on the brief] for the respondent Yorkville Fireproof Company.

MARTIN, J. The defendant Magoba Construction Company was engaged as general contractor in erecting a factory building at No. 151 West Twenty-eighth street in the city of New York. The defendant Yorkville Fireproof Company was a subcontractor for the installation of the concrete floors of this building, and the plaintiff was a carpenter who had a subcontract for the installation of certain doors and other work.

On the morning of Tuesday, August 29, 1922, the plaintiff, while engaged in his work about the building, was required to go on a floor completed the previous Saturday by concreting certain well holes which were thus closed. This part, so finished a few days before, he passed over in carrying materials. While so employed, and when about to leave the floor, the concrete gave way and he fell, together with the concrete, through what had been the well hole, and sustained the injuries for which he is seeking to recover in this action.

This section of concrete and steel reinforcing evidently would not have collapsed under his weight, if the wire cloth and other reinforcing and sustaining material had not pulled out. There were no barriers or guards surrounding the place in question.

The trial court at the end of the whole case dismissed the complaint against the Magoba Construction Company; and the jury found a verdict in favor of the defendant Yorkville Fireproof Company.

Some time prior to August 29, 1922, the Yorkville Fireproof Company had completed the concreting of all the floors in the building, with the exception of what was known as the well hole space on each floor between two beams, about six feet by seven feet, used for running a hoist. The hoist no longer being required, the openings referred to were closed with a type of wire and concrete known as " reinforced concrete." Pencil-steel wire, consisting of rolls of steel wire of the thickness of an ordinary lead pencil, was used. This was intended to be " clinched " or gripped around the beams. Where originally the Yorkville Fireproof Company left a well hole in a floor, the pencil-steel wire was passed over a beam and then bent back against the iron structure of the floor so as not to interfere with the operation of the hoist. The strength of this wire was so great that it could not be bent back except with a special appliance known as a wire-hammer.

There is evidence indicating that the concrete was mixed with ashes instead of steam cinders, and that the wiring was not properly

and securely fastened in the manner referred to above. When finished, the concrete over the well hole made the floor continuous, affording a surface of the same appearance as the rest of the floor. It became a part thereof and was used as such.

There was testimony that, on August 28, 1922, one Louis Snitman, a building construction superintendent for the Magoba Construction Company, inquired of one Pietrowski, a representative of the Yorkville Fireproof Company, whether the form underneath the concrete could be removed, inasmuch as there was being built a wall on the next floor below; that Pietrowski told Snitman the concrete was " green," had not set yet and would not be strong enough to warrant the removal of the form; and that it would take about a week for the concrete to set.

The witness Snitman testified that the forms underneath the arches were in place the night of August 28, 1922, that is, Monday night following the Saturday on which the concrete work was finished.

We believe it was error to dismiss the complaint as against the Magoba Construction Company. Its superintendent had signed a statement a few days after the accident to the effect that one of the men working for his company had knocked out the forms at the request of the bricklayer. It is also evident that the form was removed while the concrete was " green."

There is testimony to indicate that the superintendent for the Magoba Construction Company was desirous of having the form removed to facilitate the erection of the wall referred to above. It is also indicated that, though having knowledge of the defective installation of the " reinforced concrete," it allowed the place to remain unguarded; for it appears that its superintendent went through the building inspecting or examining the work to see that the various parts were properly done.

The jury would have been at liberty to find that the accident was the result of one of two, or of both causes concurring: (1) defective workmanship, and (2) premature removal of the form.

If the jury were warranted in finding that the work had been properly done, then the cause of the accident was the removal of the form and the complaint should not have been dismissed against the Magoba Construction Company in view of the evidence.

We think that the verdict, so far as it implies that the work of the Yorkville Fireproof Company was not defective, is against the weight of the evidence and should not be permitted to stand. In addition to what has been referred to, it seems that the wires were left too short and were not properly clinched. The man who did this work was not produced as a witness.

The judgment entered on the dismissal of the complaint as against the Magoba Construction Company and in favor of the defendant Yorkville Fireproof Company, entered on the verdict, and the order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.